IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VIKKI TARVER, | ) | CASE NO. 1:10 CV 2721 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | REPORT AND RECOMMENDATION |

On December 2, 2010, Plaintiff Vikki Tarver ("Plaintiff"), *pro se*, challenged the final decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits under Title II and Title XVI of the Social Security Act. This matter comes before the Court pursuant to 28 U.S.C. § 636 and Local Rule 72.2.

On December 16, 2010, the Court entered its order setting forth the briefing schedule. (ECF No. 5.) Defendant Commissioner of Social Security filed an Answer and the Transcript on April 8, 2011. (ECF Nos. 11, 12.) Plaintiff had sixty (60) days – until June 7, 2011 – to file her Brief on the Merits, but failed to do so. On June 29, 2011, the Court entered a show cause order directing Plaintiff to respond by July 8, 2011, as to why

the complaint should not be dismissed for want of prosecution. (ECF No. 14.) On July 7, 2011, Plaintiff filed a response which stated as follows:

> To whom it may concern:
>
> I have problems with both of my shoulders and I'm unable to work. I can't lift things, exercise and sleep at times. It's hard for me to do a lot of daily activities and things I would like to do. This is why I'm signing up and hope to get Social Security benifits [sic].

(ECF No.

Plaintiff has failed to offer any explanation for failing to file a timely Brief on the Merits. Furthermore, her terse statement cannot reasonably be considered a Brief on the Merits, as it fails to set forth anything resembling a legal argument and does not comply with the Court's initial order.[1] (ECF No. 5.)

It is well settled that "inartfully pleaded allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (internal quotation marks omitted) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Further, allegations in *pro se* pleadings are entitled to "liberal construction" which sometimes requires "active interpretation ... to encompass any allegation stating federal relief." *Id*. Nevertheless, it is also not the Court's function to search the administrative record for evidence to support Plaintiff's "argument" and find inconsistencies. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed

---

[1] The initial order stated that "Plaintiff's brief shall first set forth a list of 'Legal Issues,' followed by a recitation of 'Facts,' and then an 'Argument' or 'Analysis' section." (ECF No. 5.)

2

argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."); *Meridia Prods. Liab. Litig. v. Abbott Labs.*, No. 04-4175, 2006 U.S. App. LEXIS 11680 (6th Cir. May 11, 2006). This Court does not conduct a *de novo* review in social security proceedings, and certainly cannot be expected to craft an argument on Plaintiff's behalf.

Considering all of the above, the Court recommends dismissing this action for want of prosecution.

s/Greg White
United States Magistrate Judge

Dated: July 8, 2011

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**